1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

DAVID MOSHE RAHMANY and
YEHUDA RAHMANY,
Individually and On Behalf of All
Others Similarly Situated,

Plaintiffs,

v.

T-MOBILE USA, INC. and
SUBWAY SANDWICH SHOPS,
INC.,

Defendants.

Case No.:

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

### INTRODUCTION

The plaintiff DAVID MOSHE RAHMANY ("David Rahmany") and plaintiff YEHUDA RAHMANY ("Yehuda Rahmany") (jointly the "Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant T-MOBILE USA, INC. ("T-Mobile") and defendant SUBWAY

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

SANDWICH SHOPS, INC. ("Subway") (jointly the "Defendants") in negligently and/or intentionally contacting Plaintiffs on their cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

2. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391 because T-Mobile:

    (a)   is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)   does substantial business within this district;

    (c)   is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)   its principal place of business is in King County, Washington.

### PARTIES

3. David Rahmany is, and at all times mentioned herein was, a citizen and resident of the State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

4. Yehuda Rahmany is, and at all times mentioned herein was, a citizen and resident of the State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiffs are informed and believe, and thereon allege, that T-Mobile is, and at all times mentioned herein was a Delaware corporation with its principal

place of business in Bellevue, Washington, is a "person" as defined by 47 U.S.C. § 153(39), and provides cellular telephone services nationwide.

6. Plaintiffs are informed and believe, and thereon allege, that Subway is, and at all times mentioned herein was a privately held Connecticut corporation with its principal place of business in Milford, Connecticut, is a "person" as defined by 47 U.S.C. § 153(39), and is a franchisor of over 21,000 franchisees of restaurants.

7. There are several Subway restaurants located in King County, Washington.

8. Upon information and belief, Subway is a wholly owned subsidiary of Doctor's Associates, Inc.

9. Plaintiffs allege that at all times relevant herein Defendants conducted business in the State of Washington and in the County of King County, and within this judicial district.

## FACTUAL ALLEGATIONS

10. On or about September 1, 2016, T-Mobile sent a text message to David Rahmany's cellular telephone number ending in "9039," using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A).

11. This unsolicited marketing text message received read:

> This T-Mobile Tuesday, Score a free 6" Oven Roasted Chicken sub at SUBWAY, just for being w/ T-Mobile. Ltd supply. Get app for details: http://t-mo.co/

12. On or about September 1, 2016, T-Mobile sent a text message to Yehuda Rahmany's cellular telephone number ending in "5689," using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

13. This unsolicited marketing text message received read:

> This T-Mobile Tuesday, Score a free 6" Oven Roasted
> Chicken sub at SUBWAY, just for being w/ T-Mobile.
> Ltd supply. Get app for details: http://t-mo.co/

14. Upon information and belief, T-Mobile sent or transmitted, or had sent or transmitted on its behalf, the same or substantially the same unsolicited SPAM text messages *en masse* to several thousands of wireless telephone numbers nationwide in an effort to advertise for Subway restaurant and also advertise T-Mobile's own T-Mobile Tuesdays mobile application.

15. Upon information and belief, the SPAM text messages were sent by T-Mobile with the consent and encouragement of Subway for purposes of financial gain in a mutually beneficial relationship between those two companies.

16. Upon information and belief, the free sandwich offer was a pretext to sell other items at Subway restaurants, such as chips, drinks and cookies.

17. T-Mobile sent the aforementioned unsolicited marketing text messages to each Plaintiff's cellular telephone using short message script ("SMS") messaging technology, specifically T-Mobile's assigned SMS "456".

18. Upon information and belief, the ATDS used by T-Mobile has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Upon information and belief, the ATDS used by T-Mobile also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

20. Defendants' telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

21. Defendants' telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls and/or text messages pursuant to 47 U.S.C. § 227(b)(1).

22. When a consumer clicks on the web link "http://t-mo.co/", the consumer is directed to a webpage for T-Mobile that, *inter alia*, advertises the "T-Mobile App" and "T-Mobile Tuesdays."  T-Mobile also uses the same webpage to advertise shows such as Game of Thrones on HBO NOW.

23. Defendants did not have prior express written consent to send the marketing text message to each Plaintiff's cell phone.

24. The SPAM text message advertising for Subway was unwanted by Plaintiffs and falls outside the scope of any consent that Plaintiffs may have provided to T-Mobile to receive text message from T-Mobile concerning its wireless telephone services such as important account notifications.

25. Plaintiffs had not installed the T-Mobile Tuesdays mobile application on their cellular telephones prior to receiving the SPAM text messages.

26. Through Defendants' aforementioned conduct, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

27. Plaintiffs were personally affected by Defendants' aforementioned conduct because Plaintiffs were frustrated and distressed that, Defendants harassed Plaintiffs with such communications using an ATDS without his prior express written consent to receive such marketing text message, thus invading their privacy.

28. Defendants' telephonic communication forced Plaintiffs and other similarly situated class members to live without the utility of their cellular phones because they were occupied text messages, causing annoyance and lost time.

29. Plaintiffs are informed and believe and here upon allege, that the text messages were sent by T-Mobile and/or T-Mobile's agent(s), with

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Defendants' permission, knowledge and/or control and for Defendants' benefit.

30. The SPAM text messages from T-Mobile, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

**CLASS ACTION ALLEGATIONS**

31. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated.

32. Plaintiffs represent, and are members of the class (the "Class"), consisting of:

> All persons within the United States who received any text message from Defendants or its agent/s and/or employee/s, which was substantially similar or identical to the text messages alleged in Paragraphs 11 and 13 of the Complaint, to said person's cellular telephone made through the use of any automatic telephone dialing system, within the four years prior to the filing of this Complaint.

33. Defendants and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the members of the Class number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34. Plaintiffs and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agent(s), illegally contacted Plaintiff sand the members of the Class via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the members of the Class previously

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

paid, and invading the privacy of said Plaintiff and the members of the Class. Plaintiffs and the members of the Class were damaged thereby.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. The joinder of the members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through T-Mobile's records or T-Mobile's agents' records.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members of the Class, including the following:

a)  Whether, within the four years prior to the filing of this Complaint, Defendants or its agent(s) sent any marketing text messages without the prior express written express consent of the called party to members if the Class using any automatic dialing system;

b)  Whether Defendants can meet its burden of showing Defendant obtained prior express written consent;

c)  Whether Defendants' conduct was knowing and/or willful;

d)  Whether Plaintiffs and the members of the Class were damaged thereby, and the extent of damages for such violation; and

e)  Whether Defendants and their agent(s) should be enjoined from engaging in such conduct in the future.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

38. As a person that received at least one SPAM text message from T-Mobile using an ATDS without Plaintiffs' prior express written consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

40. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

42. Notice may be provided to the Class members by direct mail and/or email notice, publication notice and by other reasonable means.

43. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. § 227 ET SEQ.**

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

46. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. § 227 ET SEQ.**

48. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

50. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiffs and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and the Class members pray for judgment against Defendants, and each of them, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiffs to serve as the Class Representatives in this matter;
- Appoint Plaintiffs' Counsel as Class Counsel in this matter;
- Providing such further relief as may be just and proper.

In addition, Plaintiff and the members of the Class pray for further judgment against Defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1

TRIAL BY JURY

2   52. Pursuant to the seventh amendment to the Constitution of the United States

3       of America, Plaintiffs are entitled to, and demand, a trial by jury.

4

5   Dated: September 6, 2016                    Respectfully submitted,

6

7                                      KAZEROUNI LAW GROUP, APC

8                              By:  s/ ABBAS KAZEROUNIAN_____

9                                    ABBAS KAZEROUNIAN
                                     ATTORNEY FOR PLAINTIFFS
10

11                                   Joshua B. Swigart, Esq. (SBN 49422)
                                     josh@westcoastlitigation.com
12                                   Hyde & Swigart
                                     2221 Camino Del Rio S., #101
13                                   San Diego, CA 92108
                                     Telephone: (619) 233-7770
14                                   Facsimile:  (619) 297-1022

15                                   Abbas Kazerounian (SBN 48522)
                                     ak@kazlg.com
16                                   Kazerouni Law Group, APC
                                     1546 NW 56th Street
17                                   Seattle, WA 98107
                                     Telephone: (800) 400-6808
18                                   Facsimile:  (800) 520-5523

19                                   Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626